TODD KIM, Assistant Attorney General
SALLY J. SULLIVAN, Trial Attorney
BRIGMAN HARMAN, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Tele:   (202) 514-9269 (Sullivan)
        (202) 616-4119 (Harman)
Fax:    (202) 305-0275
Email: sally.sullivan@usdoj.gov
       brigman.harman@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al*., <br><br> Federal Defendants. | **RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br> Civil No. 2:21-cv-00573-JNP |

Following the hearing on Plaintiff's motion for leave to file a third amended complaint,

the Court invited Plaintiff to submit a notice of supplemental authority for one case,

*Metropolitan Life Insurance Company v. Ward*, 470 U.S. 869 (1985), which Plaintiff cited for

the first time during the hearing.  *See* ECF No. 178.  Despite this clear directive, Plaintiff's

notice of supplemental authority instead cites three additional cases and fails to cite the one case

the Court invited it to provide.  *See* ECF No. 179, Plaintiff's Notice of Supplemental Authority.

In any event, none of the cases Plaintiff cites support its standing to bring its equal protection

claim in its corporate capacity.

All three recognize that a private corporation may be considered a "person" within the

meaning of the Fourteenth Amendment with respect to claims related to certain economic and property interests, but they do not suggest, much less hold, that a corporation possesses all of the traits that might underpin an equal protection claim such as race, national origin, ethnicity, or religion.

In *Pembina Consol. Silver Mining & Milling Co. v. Com. of Pennsylvania*, the Supreme Court considered an equal protection challenge under the Fourteenth Amendment to a Pennsylvania law requiring out-of-state corporations to pay licensing fees in order to operate within the state.  125 U.S. 181 (1888).  Similarly, in *Wheeling Steel Corp. v. Glander*, the Supreme Court considered an equal protection challenge under the Fourteenth Amendment to an Ohio statute that taxed the assets of out-of-state corporations at different rates than in-state corporations.  337 U.S. 562, 574 (1949).  And in *MSM Farms, Inc. v. Spire*, 927 F.2d 330, 332 (8th Cir. 1991)—an out-of-circuit, nonbinding case—plaintiff challenged a Nebraska law that prevented non-family corporations from owning farm land under the Fourteenth Amendment.[1]

Here, Plaintiff's proposed equal protection claim alleges that the United States' challenged conduct was motivated by racial animus.  But it is beyond peradventure that a corporation does not possess racial identity—as established in the case law the United States cited in its motion to dismiss.  *See* ECF No. 68 at 42-44 (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 263 (1977) ("As a corporation, [defendant] has no racial identity and cannot be the direct target of the petitioners' alleged discrimination.")).  Because

---

[1] In *Metropolitan Life Insurance Company v. Ward*, 470 U.S. 869 (1985), which Plaintiff cited at the hearing, the Supreme Court similarly considered an equal protection challenge under the Fourteenth Amendment to a state law that allegedly discriminated against out-of-state insurance companies in favor of in-state companies.  470 U.S. 869.  While the Court recognized in a footnote that its precedent "establishes that a corporation is a 'person' within the meaning of the Fourteenth Amendment," *id*. at 881 n. 9 (citing *Western & Southern*, 451 U.S. at 660, n. 12), it likewise did not suggest or hold that corporations possess racial identity.

corporations do not possess racial identity, they cannot be the target of discriminatory acts on that basis.  For that reason, the Tribe lacks standing to pursue its proposed equal protection claim in its corporate capacity.

Dated this 31st day of May, 2022.

Respectfully submitted,

**TODD KIM**
ASSISTANT ATTORNEY GENERAL
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Sally J. Sullivan*
Sally J. Sullivan (D.C. Bar No. 1021930)
Trial Attorney
Brigman L. Harman (Utah Bar No. 12538)
Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Room 3.142
Washington, DC 20002
Tel:    (202) 514-9269 (Sullivan)
           (202) 616-4119 (Harman)
Fax:    (202) 305-0275
Email: sally.sullivan@usdoj.gov
           brigman.harman@usdoj.gov

*Counsel for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I filed the foregoing electronically through the Court's CM/ECF system, which is relied upon to provide prompt notice to the parties of record.

*/s/ Sally J. Sullivan*
SALLY J. SULLIVAN