Frances C. Bassett, *Pro Hac Vice*
Joanne H. Curry, *Pro Hac Vice*
Jeremy J. Patterson, *Pro Hac Vice*
Michael W. Holditch, *Pro Hac Vice*
**PATTERSON EARNHART REAL BIRD & WILSON LLP**
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 926-5292
Facsimile: (303) 926-5293
Email: fbassett@nativelawgroup.com
Email: jcurry@nativelawgroup.com
Email: jpatterson@nativelawgroup.com
Email: mholditch@nativelawgroup.com

**J. PRESTON STIEFF LAW OFFICES, LLC**
311 South State Street, Suite 450
Salt Lake City, Utah 84111
Telephone:  (801) 366-6002
Email: JPS@StieffLaw.com

*Attorneys for Plaintiffs*

---

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

---

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, ET AL.,<br><br>Defendants. | **PLAINTIFFS' MOTION TO STRIKE STATE OF UTAH'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Civil Case No. 2:21-CV-00573-JNP-DAO<br><br>Judge Jill N. Parish<br><br>Magistrate Judge Daphne A. Oberg |

COMES NOW Plaintiffs the Ute Indian Tribe, et al., by and through their

undersigned counsel, with their Motion to Strike the Notice of Supplemental Authority filed

1

by Intervenor-Defendant the State of Utah (the "State") on July 21, 2023.  This Motion is being filed contemporaneously with an Alternative Response to the State's Notice of Authority filed in the alternative to Plaintiffs' motion to strike.

The State has filed a Notice of Supplemental Authority citing the Tenth Circuit's decision in *Center for Biological Diversity, et al. v. United States Department of the Interior, et al.,* 2023 WL 4411858 (10th Circ. July 10, 2023) (the "Tenth Circuit Decision" or "Decision").  The Tenth Circuit Decision is an affirmation of the Utah federal district court's ruling that the U.S. Bureau of Reclamation's Environmental Assessment for the Green River Block Exchange ("GRBE") satisfied the minimum requirements under the National Environmental Policy Act ("NEPA").  In the present matter, the Plaintiffs ask that the GRBE be set aside and declared a legal nullity because the Bureau of Reclamation failed to accurately identify and account for the Ute Indian Tribe's presently perfected reserved water rights in its environmental review of the GRBE.

The State's Notice should be stricken because (i) the Tenth Circuit Decision is both "immaterial" and "impertinent" to any outstanding motion in the present matter, *see* Rule 12(f) of the Federal Rules of Civil Procedure, and (ii) the State has failed to comply with the local rule page limit for notices of supplemental authority.  Pursuant to Local Rule DUCivR 7-1(c) (the "Local Rule"), a party may file a notice of supplemental authority when "pertinent and significant authority comes to the attention of a party *before the court has entered a decision on a motion*" [emphases added].  The notice must include, *inter alia,* "the reasons why the supplemental authority is relevant."  The only outstanding motions in the present case are the three motions to dismiss on the pleadings filed by the

respective defendants.   Not a single one of these outstanding dismissal motions challenges the substantive merits of the Tribe's Claims for Relief challenging the GRBE. To the contrary, each of these motions seeks dismissal on the pleadings pursuant to Fed. R. Civ. P. 12.   Strikingly, neither the U.S. Department of Interior nor the Central Utah Water Conservancy District have requested dismissal of the Tribe's claims challenging the GRBE.   The State of Utah's dismissal motion, ECF No. 201, requests dismissal of Plaintiffs' GRBE-related claims, but does so solely on the ground that the State is allegedly an indispensable party to those claims.   ECF No. 201 at 30-31.   The Tenth Circuit Decision on the merits is not "pertinent or significant" to these pending motions, nor can the State meet the minimum burden of showing that the supplemental authority is relevant.   The State's Notice of Supplemental Authority is both premature and misleading and should therefore be stricken pursuant to Fed. R. Civ. P. 12(f).

The Local Rule also provides that notices of supplemental authority "may not exceed 2 pages."   DUCivR 7-1(c).   The State has exceeded this page limit without requesting leave of court.   The State has voluntarily intervened as a defendant in this matter and is bound by the applicable procedural rules just as any other party to this case.

Based on the foregoing, Plaintiffs respectfully request that the Court strike Intervenor-Defendant the State of Utah's Notice of Supplemental Authority in its entirety.

Respectfully submitted this 28th day of July 2023.

PATTERSON EARNHART REAL BIRD
& WILSON LLP

/s/ Michael W. Holditch
Frances C. Bassett, *Pro Hac Vice*
Joanne H. Curry, *Pro Hac Vice*
Jeremy J. Patterson, *Pro Hac Vice*
Michael W. Holditch, *Pro Hac Vice*
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 926-5292
Facsimile: (303) 926-5293
Email: fbassett@nativelawgroup.com
Email: jcurry@nativelawgroup.com
Email: jpatterson@nativelawgroup.com
Email: mholditch@nativelawgroup.com

J. PRESTON STIEF LAW OFFICES, LLC

/s/ J. Preston Stieff
J. Preston Stieff (4764)
311 South State Street, Suite 450
Salt Lake City, Utah 84111
Telephone:  (801) 366-6002
Email: JPS@StieffLaw.com

*Counsel for Plaintiffs*

4

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION, *et al.*,<br><br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Civil No. 2:21-cv-00573-JNP-DAO<br><br>**ORDER** |

The Court, having considered Plaintiffs' Motion to Strike the Notice of Supplemental Authority filed by the Intervenor-Defendant the State of Utah, and based on the good cause shown therein, the Court hereby grants the motion and all relief requested therein.

DATED this _____ 2023.


_____
Magistrate Judge Daphne A. Oberg
U.S. District Court for the District of Utah