J. Preston Stieff
**J. PRESTON STIEFF LAW OFFICES, LLC**
311 South State Street, Suite 450
Salt Lake City, Utah 84111
Telephone: (801) 366-6002
Email: JPS@StieffLaw.com

Frances C. Bassett, *Pro Hac Vice*
Joanne H. Curry, *Pro Hac Vice*
Jeremy J. Patterson, *Pro Hac Vice*
Michael W. Holditch, *Pro Hac Vice*
**PATTERSON EARNHART REAL BIRD & WILSON LLP**
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 926-5292
Facsimile: (303) 926-5293
Email: fbassett@nativelawgroup.com
Email: jcurry@nativelawgroup.com
Email: jpatterson@nativelawgroup.com
Email: mholditch@nativelawgroup.com

*Attorneys for Plaintiffs*

---

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH**

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF INTERIOR, ET AL., <br><br> Defendants. | **PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT OF THEIR MOTION FOR JUDICIAL NOTICE, ECF 232** <br><br> Civil Case No. 2:21-CV-00573-JNP-DAC <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

Only the Utah state defendants and the Central Utah Water Conservancy District (CUWCD), have filed written objections to the Tribal Plaintiffs' motion asking this Court to take judicial notice of the documents attached to their motion, ECF No. 232, consisting of:

1) Sections 1 and 2 of the Title VI Legal Manual, compiled by the United States Department of Justice, Attachment A.[1]

2) "What is Environmental Racism," an article published on May 24, 2023, by the Natural Resources Defense Council, Attachment B.[2]

3) Executive Order 14096 issued by President Biden on April 21, 2023, captioned Executive Order on Revitalizing Our Nation's Commitment to Environmental Justice for All, Attachment C.[3]

The Tribal Plaintiffs submit this consolidated reply to the State and CUWCD Defendants' objections to judicial notice.

## BACKGROUND

The Court held an oral hearing last week and has taken under advisement the Defendants' motions to dismiss claims under Plaintiffs' Third Amended Complaint, ECF No. 186.  The Tribal Plaintiffs' filed written objections to all three dismissal motions.[4]  All

---

[1] Available online at https://www.justice.gov/crt/fcs/T6manual (last visited on 8/30/2023).

[2] Available online at https://www.nrdc.org/stories/environmental-justice-movement (last visited on 8/30/2023).

[3] Available online at https://www.federalregister.gov/documents/2023/04.26.2023-08955/revitalizing-our-nations-commitment-to-environmental-justice-for-all  (last visited on 8/30/2023).

[4] ECF Nos. 210 and 212-1 (Pltfs' objection to Federal Defendants' dismissal motion); ECF No. 208 (Pltfs' objection to State Defendants' dismissal motion); and ECF No. 207 (Pltfs' objection to CUWCD's dismissal motion).

Defendants then filed reply memoranda, reiterating, *inter alia*, that the Tribal Plaintiffs' have failed to allege a plausible claim of racial discrimination under Claim 11 of the Third Amended Complaint.[5]

Plaintiffs ask the Court to judicially notice the materials attached to their request for judicial notice because information contained in those materials relate to Plaintiffs allegations of racial discrimination under Claim 11 of the Third Amended Complaint (TAC).  Executive Order 14096 was issued by President Biden on April 21, 2023, two months *after* the filing deadline for the Plaintiffs' memoranda opposing Defendants' dismissal motions, meaning it was not possible for Plaintiffs to reference Executive Order 14096 in their opposition memoranda.

Executive Order 14096 defines environmental justice as

the just treatment and meaningful involvement of all people, regardless of income, race, color, national origin, Tribal affiliation, or disability, in agency decision-making and other Federal activities that affect human health and the environment so that people:

* * * * *

have equitable access to a healthy, sustainable, and resilient environment ….

Executive Order 14096, § 2(b).

## ARGUMENT

"Words have meaning and names have power."
— Author Unknown

---

5 Federal Reply Br., ECF No. 215 at 19-20; Utah State Reply Br., ECF No. 214 at 13-26; and CUWCD Reply Br., ECF No. 216 at 13-14.

To name a thing is to acknowledge its existence, to define it, and describe it, and only then to address it meaningfully.   The terms "environmental racism" and "environmental justice" are two sides of the same coin.  Although Plaintiffs' TAC does not use the term "environment racism," environmental racism is the substance of Plaintiffs allegations under the TAC, summarized as follows under Paragraph 329:

> Defendants have … conspired, or acted in concert, to divert water, water storage reservoirs, and related infrastructure *away* from the Ute Indians of the Uintah and Ouray Reservation and *towards*, to, and in favor of the non-Indian white-majority population of Utah.  Defendants have done so intentionally, or deliberately, or with the knowledge that their actions would result in the discriminatory deprivation of water and water-infrastructure resources to the Ute Tribe and its members and would inure exclusively or primarily to the benefit of the non-Indian white-majority population of Utah. In doing so, Defendants have acted with both a discriminatory purpose and a discriminatory effect.   Defendants have done so continuously and systematically.

TAC, ECF No. 186 at PageID.843-44.

The State and CUWCD objections to the Plaintiffs' motion for judicial notice do not withstand scrutiny.

## A.   THE REQUEST FOR JUDICIAL NOTICE IS NOT UNTIMELY

By its terms, Evidence Rule 201(d) permits judicial notice to be taken "at any stage of the proceeding."  Therefore, Plaintiffs' request is not untimely and judicial notice may not be denied on this ground.

## B.  THE MATERIALS HAVE NOT BEEN IMPERMISSIBLY ALTERED

Evidence Rule 201 does not mandate that voluminous materials be submitted to the Court in their entirety.  Nor does Rule 201 proscribe the highlighting of relevant text. Therefore, judicial notice may not be denied on this ground.

### C.   MATERIALS THAT ACKNOWLEDGE, DEFINE, DISCUSS AND GIVE AN HISTORICAL CONTEXT FOR THE TERMS "ENVIRONMENTAL RACISM" AND "ENVIRONMENTAL JUSTICE" ARE PROPRLY SUBJECT TO JUDICIAL NOTICE

The Wex Legal Dictionary and Encyclopedia defines an adjudicative fact as:

> A fact that is either legally operative or even so important as to be controlling on some question of law.  Adjudicative facts are those which concern the parties to some dispute and are helpful in determining the proper outcome in the case.[6]

The materials for which judicial notice is sought constitute adjudicative facts because these documents acknowledge and give a name to the type of racism that is alleged under the Plaintiffs' TAC.  Contrary to the State Defendants' argument, the first and third documents— the Title VI Legal Manual, compiled by the United States Department of Justice, and  Executive Order 14096 issued by President Biden on April 21, 2023, captioned Executive Order on Revitalizing Our Nation's Commitment to Environmental Justice for All—cannot be characterized as "legislative facts."  The first is a manual on Title VI of the Civil Rights Act of 1964, compiled by the United States Department of Justice, an department in the executive branch of the federal government.  The second is an Executive Order issued by the Nation's sitting President.  Neither of these documents constitute "legislative facts," and judicial notice should not be denied on the basis that these materials constitute "legislative facts" instead of than "adjudicative facts."

---

[6] See https://www.law.cornell.edu/wex/adjudicative_fact (last visited 9/7/2023).

### D.  ALL THREE DOCUMENTS ARE PROPERLY SUBJECT TO JUDICIAL NOTICE

The Handbook of Federal Evidence states:

Judge Weinstein has explained that "Rule 201(b) imposes no artificial limits on the range of facts which may be noticed.  The broad scope of possible notice varies with the facts and issues in each case and the evolving state of knowledge."  1-4 Weinstein's Evidence Manual § 4:02; *accor*d 1 Jones on Evidence § 2:10 (8th ed.) ("Numerous cases can be found in which courts judicially notice historical, scientific, geographical and topographical facts, phenomena of nature, time, seasons and plants, customs and usages of businesses and professions, action of government bodies and agencies, etc."  (footnotes and citations omitted)).

Rule 201 thus permits judicial notice of historical facts revealed in authoritative writings when there is no dispute about the authenticity of the materials and judicial notice is limited to factual matters that are incontrovertible.")  *accord* Jones § 2:51 (Notice has been taken of historic facts relating to religious history and practice, politics, international facts that various newspapers, magazines and books were published solely as an indication of information in the public realm at the time, not whether the contents of those articles were, in fact, true."  1-4 Weinstein's Evidence Manual § 4.09 (citations omitted); *accord Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, —U.S.—, 131 S. Ct. 3055, 180 L.Ed.2d 885(2011) ("[T]he Museum also moves for judicial notice of the fact that various newspapers, magazines, and books have published information about the Cranachs.  Courts may take judicial notice of publications intended to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" (citing *Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n. 15 (3d Cir. 2006))).

2 Handbook of Fed. Evid. §201:3 n.23 (8th Ed.).

Sections 1 and 2 of the Title VI Legal Manual, compiled by the United States Department of Justice ("DOJ"), provide the historical background for enactment of Title VI of the Civil Rights Act of 1964, one of the federal statutes on which Plaintiffs' Claim 11 is based.  Sections 1 and 2 of the DOJ Manual contains statements made by President Kennedy when he proposed Title VI and statements from both a Congressman and a

Senator who voted in favor of the bill.  As noted in the excerpt from the Handbook of Federal Evidence above, it is well-established that courts may take judicial notice of historical facts such as this set forth in Sections 1 and 2 of the Title VI Legal Manual.

The second document, "What is Environmental Racism," published on May 24, 2023, by the Natural Resources Defense Council and posted on the Internet, details the historic origins of the term "environmental racism," and the Court may judicially notice the historic origins of the term without taking notice of other material in the article.  As well, here as in *Von Saher* and *Premier Growth*, the Court may take judicial notice of the article to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Premier Growth Fund*, 435 F.3d at 401 n. 15.

It is beyond dispute that courts may take judicial notice of public documents and government documents and publications because such documents are within the category of "sources whose accuracy cannot reasonably be questioned." Fed.R.Evid.201(b).  For that reason, the Court can take judicial notice of Executive Order 14096.

WHEREFORE, based on the facts and authorities cited herein and in Plaintiffs' motion, the Plaintiffs respectfully request that the Court take judicial notice of the materials submitted to the Court under Evidence Rule 201, attached to Plaintiffs' motion as Attachments A, B and C.

7

Respectfully submitted this 7th day of September, 2023.

PATTERSON EARNHART REAL BIRD
& WILSON LLP

*/s/ Frances C. Bassett*
Frances C. Bassett, *Pro Hac Vice*
Joanne H. Curry, *Pro Hac Vice*
Jeremy J. Patterson, *Pro Hac Vice*
Michael W. Holditch, *Pro Hac Vice*
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 926-5292
Facsimile: (303) 926-5293
Email: fbassett@nativelawgroup.com
Email: jcurry@nativelawgroup.com
Email: jpatterson@nativelawgroup.com
Email: mholditch@nativelawgroup.com

J. PRESTON STIEFF LAW OFFICES, LLC

*/s/ J. Preston Stieff*
J. Preston Stieff (4764)
311 South State Street, Suite 450
Salt Lake City, Utah 84111
Telephone: (801) 366-6002
Email: JPS@StieffLaw.com

*Counsel for Plaintiffs*