UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION, et al., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF INTERIOR, et al., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION CHALLENGING THE CONTENT AND SCOPE OF THE ADMINISTRATIVE RECORD (DOC. NO. 258)** <br><br> Case No. 2:21-cv-00573 <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Ute Indian Tribe of the Uintah and Ouray Reservation brings this case against the United States Department of the Interior, Deb Haaland (Secretary of the Interior), the United States Bureau of Reclamation, the United States Bureau of Indian Affairs, and the State of Utah.[1]  The Tribe alleges the federal defendants breached their fiduciary duties in managing the Tribe's water rights.[2]  The Tribe also alleges the state and federal defendants have conspired to racially discriminate against the Tribe by excluding the Tribe from the benefits derived from public water storage facilities.[3]

---

[1] (Fourth Am. Compl. ("FAC"), Doc. No. 246.)

[2] (*Id.* ¶ 4.)

[3] (*Id.*)

1

After the dismissal of a number of causes of action,[4] the Tribe retains two specific claims for relief: (1) the claim that by entering into the Green River Block Exchange Contract ("GRBE"), the federal defendants abused their discretion and acted arbitrarily, capriciously, and otherwise not in accordance with law,[5] and (2) the allegation that the federal defendants violated the Administrative Procedure Act[6] ("APA") and the National Environmental Policy Act[7] by failing to take a "hard look" at the GRBE's potential environmental impact on tribal water rights.[8]  The Tribe's claims ultimately stem from the federal defendants' alleged failure to identify and consider the full scope of the Tribe's water rights and the impact the GRBE may have on such rights.[9]

The Tribe has now filed a Motion Challenging the Content and Scope of the Administrative Record, arguing the administrative record in this case should be supplemented with nine documents.[10]  The Tribe argues these documents are relevant

---

[4] (*See* Mem. Decision and Order Granting Defs.' Mots. to Dismiss, Doc. No. 244.)

[5] (FAC ¶¶ 190–224, Doc. No. 246.)  The GRBE is an agreement between the Bureau of Reclamation and the State of Utah which allows Utah to withdraw additional water from the Flaming Gorge Reservoir.  (*Id.* ¶¶ 170–82.)

[6] 5 U.S.C. §§ 500 *et seq.*

[7] 42 U.S.C. §§ 4321 *et seq.*

[8] (FAC ¶¶ 225–47, Doc. No. 246.)

[9] (*Id.* ¶¶ 232–39; *see also* Mot. Challenging the Content and Scope of the Admin. R. ("Mot.") 3, Doc. No. 258.)

[10] (Mot. 2–3, Doc. No. 258.)  The Tribe seeks to supplement the record with the following documents:  the 1922 Colorado River Compact; the complaint and a decree and permanent injunction from *U.S. & Sec'y of the Interior as Tr. of the Indians v. Dry Gulch Irrigation Co., et al.*, No. 4418 (D. Utah 1916); the complaint and a decree and

to its argument that the Bureau of Reclamation failed to consider information available

to it.  Specifically, the Tribe claims the documents:

> provide evidence probative of the salient questions of (i) whether [the Bureau of Reclamation] completely and accurately identified Tribal trust assets, their legal characteristics as present perfected water rights, and potential impacts of the agency action on the Tribe's Indian reserved water rights, and (ii) whether [the Bureau of Reclamation] acted in accordance with its trust responsibility to the Tribe in light of the Tribe's long-documented need for access to storage to supplement its adjudicated water rights.[11]

The Tribe also contends the documents at issue help highlight deficiencies in the

Bureau of Reclamation's analysis, in its environmental assessment, of tribal trust

assets.[12]  The Tribe seeks to supplement the record or, in the alternative, asks the court

to take judicial notice of the documents.[13]

The federal defendants oppose the Tribe's motion, arguing the court should

neither supplement the record with these documents nor take judicial notice of them,

because the Tribe "fails to clear the high bar for the Court to consider evidence outside

---

permanent injunction from *U.S. & Sec'y of the Interior as Tr. of the Indians v. Cedarview Irrigation Co., et al.*, No. 4427 (D. Utah 1916); a 1965 Deferral Agreement Between the United States, the Ute Indian Tribe, and the Central Utah Water Conservancy District; a Department of Interior, Regional Solicitor's Memorandum dated June 28, 1988; and three memoranda written by the United States Department of Interior's Solicitors.  (Mot. 2–3, Doc. No. 258.)

[11] (Mot. 2–3, Doc. No. 258.)

[12] (*Id.*)

[13] (*Id.* at 3.)

the administrative record."[14]  The federal defendants argue the Tribe "does not provide

any rationale or explanation justifying the departure from the general rule prohibiting

judicial review beyond the administrative record."[15]  Further, the federal defendants

repeatedly insist the Tribe is attempting to "resurrect" breach-of-trust claims the court

already dismissed.[16]

ANALYSIS

In APA cases such as this one, the general rule is that "the focal point for judicial

review should be the administrative record already in existence, not some new record

made initially in the reviewing court."[17]  Legally as well as logically, when examining

administrative action, courts generally base their review solely on the record before the

agency.[18]  But reviewing courts may consider extra-record materials when a party

argues "the agency ignored relevant factors it should have considered in making its

decision."[19]  That is precisely the Tribe's position in this case—the Tribe argues the

federal defendants' approval of the GRBE violates the APA because of what the Bureau

---

[14] (Fed. Defs.' Resp. to Pl.'s Mot. Challenging the Content and Scope of the Admin. R. ("Opp'n") 1, Doc. No. 259.)

[15] (*Id.*)

[16] (*Id.* at 2, 4, 7.)

[17] *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

[18] *See id.*; *see Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43–44 (1983).

[19] *Am. Mining Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985); (*see also* Opp'n 3–4, Doc. No. 259 (quoting *Am. Mining Cong.*)).

of Reclamation "*failed* to review and consider."[20]  Without admission of the disputed materials into the record, the Tribe will be inhibited in its attempt to show the defendants should have considered such materials at the administrative level.  Accordingly, the Tribe has shown good reason to supplement the administrative record with these materials.

The federal defendants' concern that the Tribe is "resurrecting" its breach-of-trust claims is misplaced.  The motion before the court challenges the scope of the administrative record; it does not address the merits of the case.  If, in the context of the administrative review, the Tribe improperly argues the merits of claims this court previously dismissed, the federal defendants will undoubtedly point that out.  But at this juncture, the court is not addressing the merits of the Tribe's remaining claims.  Here, the issue is simpler: where the Tribe makes a tenable argument that the federal defendants failed to consider materials they should have reviewed, the Tribe is permitted to supplement the record to support that claim.[21]

---

[20] (Mot. 3, Doc. No. 258; *see also* FAC ¶¶ 232–39.)

[21] Because the Tribe's request to supplement the administrative record is granted, the court need not address the parties' arguments regarding judicial review.  (*See* Mot. 4, Doc. No. 258 (arguing in the alternative for judicial notice); Opp'n 7–10, Doc. No. 259 (responding to the Tribe's judicial notice arguments).)

CONCLUSION

Because the Tribe has shown extra-record evidence is necessary to assess its claims in this case, the Tribe's motion[22] is granted.  The Tribe may supplement the administrative record with the nine documents attached as Exhibit A[23] to its motion.

DATED this 2nd day of April, 2024.

BY THE COURT:

*Daphne A. Oberg*

Daphne A. Oberg
United States Magistrate Judge

---

[22] (Doc. No. 258.)

[23] (Doc. No. 258-1.)

6