IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION, a federally recognized Indian Tribe, SHAUN CHAPOOSE, EDRED SECAKUKU, LUKE J. DUNCAN, RONALD WOPSOCK, JULIUS T. MURRAY III, and CHRISTOPHER L. TABBEE, individually on their own behalf and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR; DEB HAALAND, Secretary of the Interior, United Stated Department of the Interior; BUREAU OF RECLAMATION; BUREAU OF INDIAN AFFAIRS; THE STATE OF UTAH; CENTRAL UTAH WATER CONSERVANCY DISTRICT, a political subdivision of the State of Utah; SPENCER COX, in his capacity as Governor of Utah, and TERESA WILHEMSEN, P.E., in her capacity as Utah State Engineer and Director, Utah Division of Water Rights, Salt Lake City, Utah,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER**<br><br>Case No. 2:21-cv-00573-JNP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is a motion to reconsider pursuant to Federal Rule of Civil Procedure 54(b) filed by Plaintiffs Ute Indian Tribe of the Uintah and Ouray Indian Reservation ("the Tribe"), Shaun Chapoose, Edred Secakuku, Luke J. Duncan, Ronald Wopsock, Julius T. Murray III, and Christopher L. Tabbee (collectively, "Plaintiffs"). ECF No. 272 ("Pls.' Mot."). Plaintiffs move for

reconsideration of a prior court order dismissing their breach of trust claims, arguing there has been a change in controlling law. Dismissed Defendant Central Utah Water Conservancy District ("CUWCD") filed an opposition to Plaintiffs' Motion. ECF No. 278. Defendants United States Department of Interior, Interior Secretary Deb Haaland, the Bureau of Reclamation, and the Bureau of Indian Affairs (collectively, "Federal Defendants") also filed an opposition to Plaintiffs' motion. ECF No. 279. Intervenor-Defendant State of Utah then joined and adopted the Federal Defendants' arguments in opposition. ECF No. 280. For reasons set forth herein, the court DENIES Plaintiffs' motion for reconsideration.

## BACKGROUND

This action was originally brought in the District Court for the District of Columbia and transferred to this court in September 2021. The dispute stems from a series of transactions related to the Tribe's reserved water rights and water-related infrastructure, including the Uintah Indian Irrigation Project ("UIIP") constructed by the United States pursuant to the Indian Department Appropriation Act of 1906 ("1906 Act"). Plaintiffs allege Defendants breached their trust obligations under the 1906 Act by allowing the UIIP to significantly deteriorate.

On a motion to dismiss filed by Federal Defendants, the court dismissed all but two of Plaintiffs' claims for relief. Plaintiffs now move for reconsideration of the dismissal of three of those claims, the Second, Fourth, and Eighth Claims. These claims seeks to compel Defendants to (1) "immediately provide access to water storage infrastructure . . . [and] allow sufficient irrigation water to all irrigable lands within the UIIP service area," (2) "rehabilitate the UIIP infrastructure as required in order to reinstate optimal efficiency . . . ." and (3) "provide[ ] an historical accounting of [UIIP] administration." ECF No. 186 ("Third Am. Compl.") ¶¶ 225, 252, 274. The court's dismissal of these claims relied on its holding that the 1906 Act did not create a trust relationship

between the United States and the Tribe. Plaintiffs argue that a recent decision in which the Federal Circuit found that the 1906 Act *did* create a trust relationship compels the court to reconsider its ruling under Rule 54(b). *See Ute Indian Tribe v. United States*, 99 F.4th 1353 (Fed. Cir. 2024).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order . . . that does not end the action . . . may be revised at any time before the entry of judgment adjudicating all the claims . . . ." FED. R. CIV. P. 54(b). The Tenth Circuit has recognized the following grounds as warranting reconsideration of a prior order: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is therefore appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

## ANALYSIS

Plaintiffs move for reconsideration, arguing that the Federal Circuit ruling constitutes a change in controlling law.[1] Plaintiffs also argue that collateral estoppel warrants reconsideration. Defendants respond that the Federal Circuit's order is not a change in controlling law because it is only persuasive, not controlling authority, and that collateral estoppel does not apply to the circumstances of this case. The court addresses each argument below.

---

[1] Plaintiffs concede that there is no basis to reconsider the court's prior order dismissing Defendant CUWCD as the Federal Circuit decision did not address any trust obligation owed by the CUWCD. *See* ECF No. 284 ("Pls.' Reply") at 2 n.1.

3

Both parties recognize that this court is not bound by rulings of the Federal Circuit. Regardless, Plaintiffs argue that "this court has routinely treated out-of-circuit rulings as dispositive when there is no Tenth Circuit or Supreme Court precedent directly on point." Pls.' Mot. at 6. But the cases Plaintiffs cite do not adopt out of circuit orders in the context of a motion to reconsider. And it is less clear whether any of those courts treat out of circuit rulings as dispositive. Instead, these cases consider persuasive authority in the absence of controlling law. This is in line with the Supreme Court's holding that absent controlling authority, for law to be existing precedent or well-settled, courts need at least "a robust consensus of cases of persuasive authority." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). Thus, courts often consider persuasive authority from other circuits to determine precedent. This does not exist here. Plaintiffs only point to one Federal Circuit case, which is certainly not a change in controlling authority, much less a change in any existing precedent. By definition, the sole Federal Circuit opinion, as persuasive authority, is not a change in controlling law.

In their reply, Plaintiffs argue that controlling law need not be precedential, citing *New Mexico Health Connections v. United States Dep't of Health & Hum. Servs.*, 340 F. Supp. 3d 1112, 1150 n. 15 (D.N.M. 2018). But the case Plaintiffs cite does not stand for that proposition. In *New Mexico Health Connections*, the district court noted in a footnote that courts may generally rely on unpublished opinions to the extent their reasoned analysis is persuasive. That court did not hold that unpublished opinions constitute controlling authority. And it certainly did not hold that any persuasive authority, including out of circuit orders, constitutes controlling authority in the context of a motion to reconsider.

Plaintiffs also argue that the court should reconsider its ruling because the Federal Circuit's order implicates principles of collateral estoppel. Under the doctrine of collateral estoppel, also

4

known as issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The purpose of this doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.*

But here, Plaintiffs do not seek to prevent re-litigation of issues already decided. Rather, they seek to do the opposite. Ironically, Plaintiffs seek to re-litigate an issue already decided by invoking a doctrine primarily intended to bar re-litigation. Collateral estoppel is not an appropriate doctrine to invoke in a Rule 54(b) motion. Rather, the principles behind collateral estoppel accord with an opposition to a motion to reconsider. Thus, the court is not persuaded by Plaintiffs' collateral estoppel argument.

Defendants further argue that, even if collateral estoppel did apply, the Federal Circuit order did not decide the issues Plaintiffs' dismissed claims invoked. Finding that collateral estoppel does not apply to this case, the court does not address this argument.

The court finds that the Federal Circuit ruling is not a change in controlling law and collateral estoppel does not apply to this issue. Accordingly, the court has no basis on which to reconsider its ruling.

## CONCLUSION AND ORDER

For the reasons above, the court DENIES Plaintiffs' motion to reconsider. ECF No. 272.

DATED July 9, 2025

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge